```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT

Michael Haines,                 :
        Plaintiff,              :
                                :
     v.                         :    File No. 1:07-CV-138
                                :
Robert Hofmann, Jessie          :
Cook, J.R. Davis,               :
        Defendants.             :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 8)

Plaintiff Michael Haines, a Vermont inmate proceeding *pro se*, brings this action claiming that he was assaulted by a correctional officer.  Currently pending before the Court is defendant Robert Hofmann's motion to dismiss.  For the reasons set forth below, I recommend that the motion be GRANTED, with 30 days leave to move for amendment of the complaint.

### Factual Background

Haines alleges that on or about December 17, 2006, defendant J.R. Davis, a correctional officer in St. Albans, Vermont, "brutally" assaulted him.  He further claims that defendant Jessie Cook, also a correctional officer, watched while the assault took place.  As a result of the alleged assault, Haines suffered a large bruise on his arm and a large bump on his eye.  Both

Davis and Cook have allegedly admitted to these facts, and Haines reports that Davis was subsequently "removed from Delta Unit."

Haines contends that the assault violated his right under the Eighth Amendment to be free from cruel and unusual punishment. His only claim against defendant Hofmann is "indifference . . . as required in his capacity as Commissioner of Corr. of State of Vt." For relief, Haines is seeking monetary damages. Now pending before the Court is Hofmann's motion to dismiss.

## Discussion

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint and must draw all inferences in the plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). To survive dismissal, a complaint must plead enough facts to be plausible on its face. Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Hofmann first argues that a damages claim brought against him in his official capacity as Commissioner is

barred by the Eleventh Amendment.  The Eleventh Amendment prohibits suits in federal court by citizens against a state and its agencies, absent a waiver of immunity and consent to suit by the state or a valid abrogation of constitutional immunity by Congress.  See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984).  The Eleventh Amendment also bars claims against state employees sued in their official capacities.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst, 465 U.S. at 102.

Relevant to this case, there has been no waiver of Vermont's sovereign immunity and no abrogation of that immunity by Congress.  Indeed, the Vermont legislature has specifically preserved the State's immunity under the Eleventh Amendment.  See 12 V.S.A. § 5601(g).  Accordingly, any claim against Hofmann in his official capacity should be DISMISSED.

Hofmann next contends that he is entitled to dismissal in his individual capacity because the complaint does not allege his personal involvement in the alleged assault.  Haines claims that Hofmann is liable

3

solely because of his role as Commissioner.  Since Haines is alleging an Eighth Amendment violation, his claim is necessarily brought under 42 U.S.C. § 1983.  See Hawkins v. County of Oneida, 497 F. Supp. 2d 362, 376 (N.D.N.Y. 2007).

The Second Circuit has made clear that, for a supervisory defendant to be held liable under § 1983, the claim cannot rest on respondeat superior.

> '[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior.'  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (citing Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989)).  To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations.  See Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995).  By the same token, however, mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.  Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985); see also Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (noting that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority).
>
> Supervisor liability under § 1983 "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned

>     conduct amounting to a constitutional violation,
>     or allowing such a policy or custom to continue,
>     (4) grossly negligent supervision of
>     subordinates who committed a violation, or (5)
>     failure to act on information indicating that
>     unconstitutional acts were occurring."
>     Hernandez, 341 F.3d at 145; see also Colon v.
>     Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Haines does not allege any direct participation by Hofmann.  Nor does he claim that Hofmann failed to provide a remedy, or that correctional officers were following a sanctioned policy or custom.  Further, the complaint makes no allegation of grossly negligent supervision.  Haines has therefore failed to raise a plausible individual capacity claim against Hofmann under § 1983.

"[S]parse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action." Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994).  Although it is doubtful that the Commissioner would play any role, or have any supervisory liability for, an attack on a prisoner by a correctional officer, Haines may wish to amend his claim against Hofmann.  Accordingly, while I am

5

recommending dismissal of all claims against Hofmann, the Court should allow Haines 30 days to file a motion to amend.  Failure to file a motion within that time period should result in the dismissal of all claims against Hofmann with prejudice.

## Conclusion

For the reasons set forth above, I recommend that defendant Hofmann's motion to dismiss (Paper 8) be GRANTED.  I further recommend that Haines be allowed 30 days in which to file a motion to amend his claims against Hofmann.  Failure to file such a motion should result in the dismissal of all claims against Hofmann with prejudice.

Dated at Burlington, in the District of Vermont, this 16<u>th</u> day of May, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to

appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).