UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Michael Haines,  :
    Plaintiff,  :
                  :
    v.  :        File No. 1:07-CV-138
                  :
Jesse Cook and J.R. Davis,  :
    Defendants.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 27)

Plaintiff Michael Haines, a Vermont inmate proceeding *pro se*, brings this action claiming that he was assaulted by a correctional officer. Specifically, he claims that defendant J.R. Davis entered his cell and assaulted him while defendant Jesse Cook, also a correctional officer, stood watch at the cell door. Currently pending before the Court is Cook's motion to dismiss pursuant to Fed. R. Civ. P. 37 due to Haines's failure to respond to discovery requests.

The discovery in question consists of interrogatories and a request for production of documents. The requests were served by mail on October 18, 2008. (Paper 21). On January 30, 2008, Cook filed a motion to compel responses. (Paper 25). Haines filed no opposition, and the Court granted the motion to compel on February 18, 2009. (Paper 26). In doing so, the Court set a new response deadline of

March 13, 2009, and warned Haines that "[i]f he fails to comply with this order, his case may be dismissed pursuant to Fed. R. Civ. P. 37." Id. at 1. Cook has still not received responses to the outstanding discovery requests, and has thus moved to dismiss pursuant to Rule 37.

In determining the appropriate sanction under Rule 37, courts consider a variety of factors, including: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). The most severe sanction – dismissal – should not be imposed unless the failure to comply with a discovery order "'is due to willfulness, bad faith, fault or gross negligence, rather than inability to comply or mere oversight.'" Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting Hochberg v. Howlett, 1994 WL 174337, at *3 (S.D.N.Y. May 3, 1994)); see also Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).

The Second Circuit recently noted that "[*p*]*ro se* litigants, though generally entitled to 'special solicitude' before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)). The Circuit Court has also warned, however, that "dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . ." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).

This case may not yet be extreme enough to warrant the ultimate sanction of dismissal. In its ruling on the motion to compel, the Court warned Haines that his continued failure to participate in discovery could result in the dismissal of his case. Typically, more than one warning is provided prior to dismissal. See, e.g., Agiwal, 555 F.3d at 299-301 (Magistrate Judge issued several warnings of the potential for dismissal prior to dismissing case); Walker v. Jeffrey Zagelbaum MGMT LLC, 2008 WL 5348543, at *3 (E.D.N.Y. Dec. 22, 2008) (dismissing case after plaintiff was given "multiple chances to comply with the Court's discovery

orders, and warned repeatedly that her case would be dismissed if she failed to do so.").

Nonetheless, a lesser sanction in this case is difficult to identify. While in some cases the Court might require the plaintiff to pay attorney's fees, Haines's status as an *in forma pauperis* litigant weighs heavily against imposing such a sanction. The Court might also consider striking motions or other filings submitted by the plaintiff, but in this case, with the exception of the complaint, there are no such filings. In fact, Haines's last filing was a motion submitted on August 5, 2008.

Aside from the plaintiff's silence over the last nine months, there is no affirmative evidence of willfulness, gross negligence, or other conduct deserving of dismissal. There will come a point, however, at which dismissal is warranted under either Rule 37 or Rule 41(b). See Fed. R. Civ. P. 41(b) (providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Indeed, it is not fair to either the defendants or the Court to allow this case to linger without full participation and cooperation by the plaintiff.

4

Haines initiated this action. As a result, the defendants have had to commit valuable time and resources. In contrast, Haines has been absent from the case for several months, has failed to comply with the Federal Rules and a Court order, and has been warned that his case might be dismissed. Continued failure to abide by the Rules and disregard of direct Orders cannot be tolerated. Consequently, while I am recommending that the Court give him another chance, Haines is now warned that if he continues to disregard the Court's Rules and Orders, his conduct may be considered willful and may constitute grounds for dismissal of his claims with prejudice.

Accordingly, for the reasons set forth above, I recommend that the pending motion to dismiss (Paper 27) be DENIED without prejudice. I further recommend (1) that Haines be required to provide proper responses to all outstanding discovery within 20 days of the Court's order with respect to this Report and Recommendation, (2) that the Court warn Haines that a failure to comply with the 20-day deadline will result in a severe sanction, most likely in the form of an order dismissing the entire case with prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of May, 2009.

                                        /s/ John M. Conroy
                                        John M. Conroy
                                        United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).